## FARMERS' & MERCHANTS' NAT. BANK OF NOCONA v. H. C. LONDON & SONS et al. (No. 8541.)

(Court of Civil Appeals of Texas. Ft. Worth. March 17, 1917.)

1. APPEAL AND ERROR ⬅1071(5)—REVIEW—PREJUDICIAL ERROR.

In an action against a partnership on notes given by a surviving partner, son of deceased partner, it was alleged that the widow and other heirs of deceased were partners in the business at the time the indebtedness was incurred, and the court found that the widow was a partner, and that she owned an undivided half interest in a homestead which was subject to plaintiff's debt. Plaintiff claims that vendor's lien notes against such homestead were paid off out of insurance money belonging to the firm at a time when it was insolvent, and that as creditor plaintiff is entitled to subject to its debt not only one-half of the equity in the lot owned by the widow before the discharge of the notes, but also a pro rata interest in the lot represented by the amount of the vendor's lien notes so discharged with the insurance money. The record shows that the partnership afterward, after the execution of the notes sued upon, became insolvent and indebted to other creditors in large sums of money, in the aggregate far in excess of plaintiff's claim, and that, if the insurance money was a trust fund for the benefit of all the creditors, plaintiff's share in the interest represented by the amount paid upon the vendor's lien notes would be far less than one-half. *Held*, that plaintiff was not prejudiced by any error in failing to find that the notes were paid out of the insurance money.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4238.]

2. APPEAL AND ERROR ⬅1040(11)—REVIEW—HARMLESS ERROR.

If there was error in overruling plaintiff's special exceptions to the plea of defendants praying for a recovery of one-half of the money paid to the plaintiff in an effort to reach a compromise, which was never consummated, such error was harmless in view of the evidence, which amply supported the claim.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4099, 4105.]

Appeal from District Court, Montague County; C. F. Spencer, Judge.

Suit by the Farmers' & Merchants' National Bank of Nocona against H. C. London & Sons and others. From a judgment granting a part of the relief asked, plaintiff appeals. Affirmed.

W. T. Russell, of Nocona, for appellant. W. S. Jameson, of Montague, and J. A. Templeton, of Ft. Worth, for appellees.

DUNKLIN, J. H. C. London & Son, a partnership firm composed of H. C. London, the father, and C. H. London, the son, were

engaged in the mercantile business in the town of Nocona. H. C. London died on January 15, 1907, leaving a widow, Mrs. F. W. London, and several sons and daughters surviving him, including C. H. London, the former partner. After the death of H. C. London, the Farmers' & Merchants' National Bank of Nocona advanced the sum of $1,000 in order to aid in the conduct of the business, for which it took a promissory note in that sum signed, "C. H. London, London & Son." The bank also paid certain overdrafts in the aggregate $130.49, the proceeds of which were used for the same purpose.

The bank instituted this suit against Mrs. F. W. London, the widow, and all the heirs of H. C. London, consisting of his sons and daughters. Pending the suit Mrs. F. W. London and four of the children died, and the heirs of those dying who were not already parties defendant were made such by plaintiff in its supplemental petition. Plaintiff instituted this suit to recover judgment upon the promissory note and overdrafts above mentioned, and alleged in its petition that said widow and heirs were all partners in said mercantile business at the time said indebtedness was incurred, and were jointly and severally liable therefor.

The evidence showed beyond controversy that C. H. London was the active member of the business after the death of his father, and his liability for the debts sued for was not controverted, but by appropriate pleas all the other defendants denied that they were partners, as charged by the plaintiff.

From a judgment in favor of plaintiff finding that C. H. London and his mother were liable as partners for the debts and awarding a recovery against C. H. London and the heirs of his mother upon that theory, but denying a recovery against the other defendants as partners, the bank has prosecuted this appeal.

The case was tried by the court without the aid of a jury, and his findings of fact and conclusions of law are set forth in the judgment rendered.

The court found that the children of H. C. London other than C. H. London were not partners in the business as charged by the plaintiff, but were interested in the stock of merchandise only as heirs of H. C. London. This latter finding is attacked by appellant as being unsupported, by the evidence, and several assignments are predicated upon that contention. All such assignments are overruled since we find in the record ample evidence to support the court's finding.

[1] In January, 1908, which is the same month that the note for $1,000 sued on by plaintiff herein was executed, one year after the death of H. C. London, a fire destroyed a considerable amount of the stock of merchandise on hand. At that time there were fire insurance policies upon the stock of about $10,000, and upon those policies there was collected from the insurance companies by compromise the sum of $5,000. This money went into the hands of Mrs. F. W. London. Prior to the death of H. C. London he had purchased a homestead for himself and wife for a consideration of $1,500, $600 of which was paid in cash at the time, and vendor's lien notes for $900 were given which were unpaid at the date of his death. After the collection of the insurance money the outstanding vendor's lien notes against the homestead were paid off. The trial court found that Mrs. London owned an undivided one-half interest in the homestead which was subject to the plaintiff's debt and did subject the same to the judgment rendered in plaintiff's favor.

Appellant insists, in effect, that the evidence shows that the vendor's lien notes against the homestead were paid off out of the insurance money at a time when the partnership firm of C. H. London and Mrs. F. W. London was insolvent, and that therefore plaintiff, as creditor, was entitled to subject to its debt not only one-half of the equity in the lot owned by Mrs. London before the discharge of the said vendor's lien notes, but also a pro rata interest in the lot represented by the amount of the vendor's lien notes so discharged with the insurance money.

In answer to that contention it is sufficient to say: First, no evidence is pointed out by appellant to show that the vendor's lien notes were paid out of the insurance money; in fact, appellant, in its brief, cites testimony showing that the notes were paid by one McBroom, and no testimony is cited to show that the money so used by him was a part of the proceeds of the insurance policies; second, the record further shows that the partnership firm afterward became insolvent and indebted to other creditors in large sums of money, in the aggregate far in excess of plaintiff's claim, and if the insurance money was a trust fund for the benefit of all the creditors, then the plaintiff's share in the interest represented by the amount paid upon the vendor's lien notes would be far less than one-half, and the remainder would be in other creditors; in other words, if the interest represented by the amount of the vendor's lien notes so discharged should be subjected to the payment of the indebtedness of the partnership firm, then all the creditors would share alike in it, and, if so, then plaintiff's interest therein would be less than the interest awarded to it by the court.

We are of opinion further that there was ample evidence to support the court's finding that one-half of the $200 paid to the plaintiff by the children of H. C. and Mrs. F. W. London, who were not partners in the business, in an effort to reach a compromise of plaintiff's claim against them, but which compromise was never consummated, should be restored to them.

[2] If there was error in overruling plaintiff's special exceptions to the plea of defendants praying for a recovery of one-half of the money so paid to the plaintiff in an effort to reach such compromise, which was never consummated, such error was harmless in view of the evidence which amply supported said claim.

The case being tried before the court without the aid of a jury, there was no reversible error in allowing the witness Wade London, over the objections of the plaintiff, to testify that he did not consider that he was a partner in the mercantile business, since there was other testimony amply showing that fact. Furthermore, we fail to see how the admission of certain records in the bankruptcy proceedings instituted against the partnership firm resulted in any harmful effect upon the plaintiff.

For the reasons indicated, all assignments of error are overruled, and the judgment is affirmed.